IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER PARTNERS II LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 2-24-cv-00007 |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS and VERIZON CORPORATE SERVICES GROUP INC., | § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**VERIZON'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. (collectively, "Verizon"), by and through their attorneys, hereby submit this Answer to Plaintiff Headwater Partners II LLC's ("Headwater II") Complaint (Dkt. No. 1, "Complaint") as follows:

**GENERAL DENIAL**

Unless specifically admitted below, Verizon denies each and every allegation in the Complaint. To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation of the Complaint. Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint. Verizon further denies that Headwater II is entitled to the relief requested or to any

other relief. The headings below track those used in the Complaint and are for convenience only. They do not constitute any part of Verizon's Answer or any admission by Verizon as to the truth of the matters asserted. To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSES TO NUMBERED PARAGRAPHS IN THE COMPLAINT

## BACKGROUND

1. Verizon admits that Headwater II purports to bring this action for patent infringement involving U.S. Patent Nos. 9,094,868 (the "'868 Patent") and 9,413,502 (the "'502 Patent") (collectively, "the Patents-in-Suit"), but specifically denies any infringement of the Patents-in-Suit. Verizon denies the remaining allegations in Paragraph 1 of the Complaint, if any.

2. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis, denies them.

3. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis, denies them.

4. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis, denies them.

5. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies them.

6. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies them.

7. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies them.

8. Verizon lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 8 of the Complaint, and on that basis, denies them.

9. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis, denies them.

10. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies them.

11. Verizon admits that smartphones and other mobile devices have become significantly more widely used in the past few decades and that their functionality include: making and receiving phone calls, getting notifications, downloading music, uploading photos, streaming entertainment, transacting business, exchanging ideas, and keeping individuals connected to family and friends. Verizon also admits that it is possible to exchange large amounts of data over the internet using wireless and cellular networks. Except as expressly admitted, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remaining characterizations in Paragraph 11, and on that basis, denies them.

12. Verizon admits that overall data consumption by mobile devices has generally increased since 2011. Except as expressly admitted, Verizon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis, denies them.

13. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies them.

14. Verizon denies every allegation set forth in Paragraph 14 of the Complaint.

**PLAINTIFF HEADWATER II AND THE PATENTS-IN-SUIT**

15. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies them.

16. Verizon admits that the '868 Patent is entitled, "User equipment link quality estimation based on positioning" and issued on July 28, 2015. To the extent there are any other allegations, Verizon denies the remaining allegations of Paragraph 16 of the Complaint.

17. Verizon denies that the '502 Patent is entitled, "Service design center for device assisted services" – it is instead entitled, "Backhaul assisted by user equipment" and issued on August 9, 2016. To the extent there are any other allegations, Verizon denies the remaining allegations of Paragraph 17 of the Complaint.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

18. Verizon admits the allegations in Paragraph 18 of the Complaint.

19. Verizon admits the allegations in Paragraph 19 of the Complaint.

20. Verizon admits that Headwater II purports to bring this action based on "4G LTE and 5G base stations, nodes, and related network equipment and services, including those described in Exhibits 3 and 4, made, used, offered for sale, sold, and/or imported by Verizon in the United States" (the "Accused Instrumentalities"), but Verizon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies them.

## JURISDICTION AND VENUE

21. Verizon admits that the allegations in the Complaint purport to state a claim arising under the Patent Laws of the United States, Title 35 of the United States Code, and that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1131 and 1338(a). To the extent there are any other allegations, Verizon denies the remaining allegations of Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint contain legal conclusions for

which no answer is required. To the extent an answer is required, for purposes of this action only, Verizon does not contest that this Court has personal jurisdiction over the named defendants. Verizon denies the remaining allegations in Paragraph 22, and specifically denies committing, or being liable for, any act of infringement.

23. Verizon denies the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint contain legal conclusions to which no answer is required. To the extent an answer is required, Verizon denies the remaining allegations in Paragraph 24.

25. Verizon admits that it advertises wireless network services within this District and that the Complaint purports to reference the webpage https://www.verizon.com/coverage-map/. Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 25.

26. Verizon admits that the Complaint purports to reference data from the webpage https://www.verizon.com/about/sites/default/files/Verizon_Fact_Sheet.pdf. Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 26.

27. Verizon admits that it owns, leases, maintains and/or operates cellular base stations—including in Tyler, Texas and Longview, Texas—to sell and provide 5G data services to customers. To the extent there are any other allegations, Verizon denies the remaining allegations of Paragraph 27 of the Complaint, and specifically denies committing, or being liable for, any act of infringement.

28. Verizon admits that it sells mobile devices capable of operating on its wireless networks in Texas, including within the Eastern District of Texas and that the Complaint purports to identify authorized Verizon retailers in Texas purportedly referenced at the webpage https://www.verizon.com/stores/search-results/?lat=32.54691&long=-94.35011. Except as

expressly admitted, Verizon denies the remaining allegations in Paragraph 28.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '868 PATENT

29. Verizon incorporates its responses to Paragraphs 1 through 28 of the Complaint herein by reference.

30. Verizon denies that the '868 Patent is entitled, "Device-assisted services for protecting network capacity" – it is instead entitled, "User equipment link quality estimation based on positioning" and it was issued by the United States Patent Office on July 28, 2015. To the extent there are any remaining allegations, Verizon denies them.

31. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, denies them.

32. The allegations in Paragraph 32 of the Complaint contain legal conclusions for which no answer is required. To the extent an answer is required, Verizon denies the allegations in Paragraph 32.

33. Verizon denies the allegations in Paragraph 33 of the Complaint.

34. Verizon denies the allegations in Paragraph 34 of the Complaint.

35. Verizon denies the allegations in Paragraph 35 of the Complaint.

36. Verizon denies the allegations in Paragraph 36 of the Complaint.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '502 PATENT

37. Verizon incorporates its responses to Paragraphs 1 through 36 of the Complaint herein by reference.

38. Verizon admits the title of the '502 Patent is "Backhaul assisted by user equipment" and it was issued by the United States Patent Office on August 9, 2016. To the extent there are any remaining allegations, Verizon denies them.

39. Verizon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis, denies them.

40. The allegations in Paragraph 40 of the Complaint contain legal conclusions for which no answer is required. To the extent an answer is required, Verizon denies the allegations in Paragraph 40.

41. Verizon denies the allegations in Paragraph 41 of the Complaint.

42. Verizon denies the allegations in Paragraph 42 of the Complaint.

43. Verizon denies the allegations in Paragraph 43 of the Complaint.

44. Verizon denies the allegations in Paragraph 44 of the Complaint.

## JURY DEMAND

45. No response is necessary to a jury demand. To the extent a response is deemed to be required, Verizon admits that Headwater II requests a trial by jury.

## RESPONSE TO HEADWATER II'S PRAYER FOR RELIEF

Verizon denies that Headwater II is entitled to any relief, including but not limited to the relief sought by Headwater II under Paragraphs A–G of the Complaint.

## DEFENSES

Without altering the burden of proof, Verizon asserts the following defenses, which are based upon an investigation that is not complete and is prior to the results of any discovery from Headwater II.  Verizon's investigation of its defenses is continuing, and Verizon reserves the right to assert all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

46. Headwater II's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

47. The claims of the '868 Patent and '502 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
(Non-Infringement)

48. Verizon has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '868 Patent or '502 Patent, and do not directly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the '868 Patent or '502 Patent, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Mark)

49. To the extent Headwater II has failed to comply with the notice requirements of 35 U.S.C. § 287, Headwater II is barred from all monetary relief for acts that occurred prior to Headwater II providing actual notice to Verizon.

### FIFTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

50. Headwater II has an adequate remedy at law and no basis exists for the grant of injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE
(Reservation of Defenses)

51. Verizon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other defenses at law or in equity that may exist now or that may

8

be available in the future.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. Pro. 13, Verizon asserts the following Counterclaims against Headwater II, and hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory judgment of non-infringement and invalidity with respect to the Patents-in-Suit.

## THE PARTIES

2.  Cellco Partnership d/b/a Verizon Wireless is a Delaware partnership with a principal place of business at One Verizon Way, Basking Ridge, NJ 07920.

3.  Verizon Corporate Services Group Inc. is a New York corporation with a principal place of business at One Verizon Way, Basking Ridge, NJ 07920.

4.  Based on Headwater II's Complaint, Headwater II is a Texas limited liability company with its principal place of business at 110 North College Avenue, Suite 1116, Tyler, TX 75702.

## JURISDICTION AND VENUE

5.  The counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States set forth in Title 35 of the United States Code and in Title 37 of the Code of Federal Regulations.

6.  This Court has subject matter jurisdiction over these counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 based on an actual controversy between Verizon and Headwater II, arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

7. Headwater II has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district as set forth by its Complaint.

8. For purposes of this action, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

9. Headwater II has sued Verizon for alleged infringement of one or more claims of the Patents-in-Suit in the present action. Verizon denies that it has infringed the Patents-in-Suit directly or indirectly. As such, there is an actual, and justiciable controversy between Headwater II and Verizon concerning the alleged validity and infringement by Verizon of the Patents-in-Suit.

## FIRST COUNTERCLAIM – NON-INFRINGEMENT

10. Verizon repeats and realleges each of the allegations of Paragraphs 1 through 9 of its Counterclaims.

11. Headwater II wrongfully alleges Verizon has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '868 Patent.

12. Headwater II wrongfully alleges Verizon has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '502 Patent.

13. Hence, an actual controversy exists between Verizon and Headwater II as to whether Verizon infringes the Patents-in-Suit.

14. As such, Verizon is entitled to a declaratory judgment that it does not infringe the claims of the Patents-in-Suit.

## SECOND COUNTERCLAIM – INVALIDITY

15. Verizon repeats and realleges each of its allegations of Paragraphs 1 through 14 of its Counterclaims.

16. Headwater II wrongfully alleges that the claims of the Patents-in-Suit are valid and

enforceable.

17.     Verizon seeks and is entitled to a declaration that each claim of the Patents-in-Suit is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

18.     Hence, an actual controversy exists between Verizon and Headwater II as to whether the Patents-in-Suit are valid and enforceable.

19.     As such, Verizon is entitled to a declaratory judgment that the claims of the Patents-in-Suit are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Verizon respectfully prays for the following relief:

1.     Dismiss Headwater II's Complaint with prejudice, and that Headwater II take nothing by way of its Complaint;

2.     Determine that Headwater II is not entitled to any of its requested relief, or any relief whatsoever;

3.     Award Verizon its costs and disbursements in this action;

4.     Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Verizon its reasonable attorneys' fees and costs in this action; and

5.     Grant Verizon such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Verizon hereby demands a trial by jury in this action on all issues so triable.

Dated: March 15, 2024

Respectfully Submitted,

*/s/ Deron R. Dacus*
Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Joshua C. Krumholz, Esq.
(LEAD COUNSEL)
(*Pro hac vice* forthcoming)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
Jacob W. S. Schneider, Esq.
(*Pro hac vice* forthcoming)
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
Allison M. Lucier, Esq.
(*Pro hac vice* forthcoming)
MA Bar No.: 569193
Email: allison.lucier@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850

Deron R. Dacus
Texas Bar No. 00790553
E-mail: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)

*Attorneys for Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Corporate Services Group Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this **15th day of March, 2024**, I caused the foregoing Answer to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

                                            */s/     Deron R. Dacus*
                                                  Deron R. Dacus