# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER PARTNERS II LLC,<br><br>*Plaintiff and Counterclaim-Defendant*,<br><br>vs.<br><br>T-MOBILE USA, INC. AND SPRINT LLC,<br><br>*Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § § | Case No. 2:24-cv-00015-JRG-RSP<br><br>(Lead Case)<br><br>**Jury Trial Demanded** |
| HEADWATER PARTNERS II LLC,<br><br>*Plaintiff and Counterclaim-Defendant*,<br><br>vs.<br><br>AT&T SERVICES, INC., AT&T MOBILITY LLC AND AT&T CORP.,<br><br>*Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § § § | Case No. 2:24-cv-00016-JRG-RSP<br><br>(Member Case)<br><br>**Jury Trial Demanded** |
| HEADWATER PARTNERS II LLC,<br><br>*Plaintiff and Counterclaim-Defendant*,<br><br>vs.<br><br>CELLCO PARTNERSHIP, D/B/A VERIZON WIRELESS, AND VERIZON CORPORATE SERVICES GROUP INC.,<br><br>*Defendants and Counterclaimant-Plaintiffs*. | § § § § § § § § § § § § § | Case No. 2:24-cv-00007-JRG-RSP<br><br>**Jury Trial Demanded** |

**<u>ERICSSON INC.'S UNOPPOSED MOTION TO INTERVENE</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| | A. The Nature and State of Proceedings | 2 |
| | B. Headwater Asserts Infringement of Accused Products that Are Designed, Manufactured, Marketed and Sold by Ericsson | 3 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 4 |
| | A. Ericsson Has a Right to Intervene Pursuant to Rule 24(a)(2) | 4 |
| | 1. Ericsson's Motion to Intervene is Timely | 5 |
| | 2. Ericsson Has a Significant Interest in this Lawsuit | 7 |
| | 3. Disposition of this Action May Impair Ericsson's Ability to Protect Its Interests | 9 |
| | 4. Defendants Cannot Adequately Represent Ericsson's Interests | 9 |
| | B. In the Alternative, Ericsson Should Be Permitted to Intervene | 10 |
| V. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kahn v. Gen. Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989)..................................................................................................8

*City of Houston v. Am. Traffic Sols., Inc.*,
   668 F.3d 291 (5th Cir. 2012)......................................................................................................4

*Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*,
   No. 2:22-CV-00477-JRG-RSP (E.D. Tex. Apr. 13, 2023) .........................................................1

*Edwards v. City of Houston*,
   78 F.3d 983 (5th Cir. 1996) (en banc)............................................................................ 4, 5, 7, 10

*Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*,
   Case No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) ..............................6, 7, 10

*Indus. Tech. Research Inst. v. LG Elecs., Inc.*,
   Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865
   (S.D. Cal. Oct. 15, 2014)............................................................................................................9

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
   C.A. No. 12-193-LPS et al., 2014 U.S. Dist. LEXIS 125280
   (D. Del. Sept. 8, 2014) ...........................................................................................................8, 9

*John Doe No. 1 v. Glickman*,
   256 F.3d 371 (5th Cir. 2001)......................................................................................................5

*Microsoft Corp. v. Commonwealth Scientific & Indus. Research Organisation*,
   No. 6:06-CV-549, 2007 WL 4376104 (E.D. Tex. Dec. 13, 2007).............................................8

*Newby v. Enron Corp.*,
   443 F.3d 416 (5th Cir. 2006)................................................................................................4, 10

*Reid v. General Motors Corp.*,
   240 F.R.D. 257 (E.D. Tex. 2006)..............................................................................................11

*Sierra Club v. Espy*,
   18 F.3d 1202 (5th Cir. 1994)..............................................................................................4, 6, 7

*Stauffer v. Brooks Brothers, Inc.*,
   619 F.3d 1321 (Fed. Cir. 2010) ................................................................................................4

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
   Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769
   (E.D. Tex. Dec. 7, 2017) .................................................................................................7, 8, 9

*Texas v. United States*,
   805 F.3d 653 (5th Cir. 2015) ..................................................................................3, 4, 7, 10

*TiVo Inc. v. AT&T, Inc.*,
   C.A. No. 2:09-CV-259, 2010 U.S. Dist. LEXIS 146363
   (E.D. Tex. Mar. 31, 2010) .......................................................................................................5

*Uniloc 2017 LLC v. AT&T Services, Inc., and AT&T Mobility LLC*,
   No. 2:19-CV-00102-JRG, 2019 WL 1773117 (E.D. Tex. Sep. 17, 2019) ................................9

*XR Communications LLC d/b/a Vivato Technologies v. AT&T Services Inc., et al.*,
   No. 2:23-CV-00468-JRG-RSP (E.D. Tex. Dec. 13, 2023) .......................................................1

**Other Authorities**

Fed. R. Civ. P. 24 ............................................................................................................. passim

Pursuant to Federal Rule of Civil Procedure 24, Ericsson Inc. ("Ericsson") respectfully submits this unopposed motion for leave to intervene in each of the above-captioned related actions.[1] Ericsson seeks to intervene because it sells equipment to Defendants T-Mobile USA, Inc. and Sprint LLC ("T-Mobile"), AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. ("AT&T"), and Cellco Partnership, d/b/a Verizon Wireless and Verizon Corporate Services Group Inc. ("Verizon") (collectively, "Defendants") that Plaintiff Headwater Partners II LLC ("Headwater") alleges infringes its U.S. Patent Nos. 9,094,868 (the "'868 Patent") and 9,413,502 (the "'502 Patent").

As the designer and manufacturer of some of the accused products, Ericsson has a substantial interest in defending its products against the allegations raised in the litigation and is most likely to be in the best position to defend against certain of Headwater's claims. Ericsson's Motion is timely, and no existing party will suffer prejudice if Ericsson intervenes. Moreover, Ericsson's intervention will not result in these cases being delayed, and Ericsson will not move to transfer these cases if this Motion is granted. This Court granted Ericsson's motions to intervene on similar facts and circumstances in *XR Communications LLC d/b/a Vivato Technologies v. AT&T Services Inc., et al.,* Case No. 2:23-CV-00468-JRG-RSP, DE 30 (E.D. Tex. Dec. 13, 2023), and *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-CV-00477-JRG-RSP, DE 70 (E.D. Tex. Apr. 13, 2023).

## I.   INTRODUCTION

In its complaints, Headwater accuses Defendants of infringing its patents through Defendants' use of 4G LTE and 5G base stations, nodes, and related network equipment and services that support certain functionalities including 5G NR adaptive beamforming and 5G NR Integrated Access Backhaul (collectively, the "Accused Products"). *See* DE 1 ("T-Mobile Complaint") at ¶¶ 22, 35 and 43; Case No. 2:24-cv-00016, DE 1 ("AT&T Complaint") at ¶¶ 21, 34 and 42; Case No. 2:24-cv-00007

---

[1] Filed with this Motion are Ericsson's Answers in Intervention as well as a proposed order.

(the "Verizon Case"), DE 1 ("Verizon Complaint") at ¶¶ 20, 33 and 41. Ericsson designs, manufactures, markets and sells at least some Accused Products for and to Defendants.

Ericsson moves to intervene as a matter of right. Fed. R. Civ. P. 24(a). As the designer and manufacturer of Accused Products, Ericsson is likely to be in the best position to defend those products against certain of Headwater's infringement allegations. Ericsson has a direct financial interest in the litigation because Ericsson has the right to defend its products against these allegations of infringement and has received a request to indemnify Defendants for certain defense costs that could result from the allegations made against its products. Further, the existence of the disputes alone could negatively affect Ericsson's ability to sell its Accused Products to Defendants and other customers.

In the alternative, Ericsson respectfully requests permission to intervene under Rule 24(b). Permissive intervention is appropriate because Ericsson has claims that share questions of law or fact with Defendants. Ericsson's claims and defenses relate to the invalidity and noninfringement of the asserted patents, and therefore share questions of law and fact with Headwater's claims and Defendants' defenses. Finally, because the cases are in their early stages, Ericsson's intervention will not result in any case delay, and Ericsson will not seek a transfer of the cases to another venue if the Court grants this Motion.

## II.    FACTUAL BACKGROUND

### A.    The Nature and State of Proceedings

On January 5, 2024, Headwater brought the instant action against Verizon alleging infringement of the '868 and '502 Patents. Verizon Complaint at ¶ 1. On January 10, 2024, Headwater brought the instant actions against T-Mobile and AT&T, where it also alleged infringement of the '868 and '502 Patents. T-Mobile Complaint at ¶ 1; AT&T Complaint at ¶ 1. The cases remain in their early stages: Defendants served their Invalidity Contentions on May 20, 2024, pursuant to the Docket Control Orders (DE 42; Verizon Case, DE 33). The claim construction hearings will not occur until

March 7, 2025. *See* DE 42; Verizon Case, DE 33.

> **B.      Headwater Asserts Infringement of Accused Products that Are Designed, Manufactured, Marketed and Sold by Ericsson**

The '868 Patent is directed to methods for estimating a mobile device's link quality based on its positioning. *See* T-Mobile Complaint at ¶ 16; AT&T Complaint at ¶ 16; Verizon Complaint at ¶ 16. Headwater appears to accuse Defendants' 4G and 5G Accused Products that support 5G NR adaptive beamforming of infringing the '868 Patent. *See* T-Mobile Complaint at ¶ 35; AT&T Complaint at ¶ 34; Verizon Complaint at ¶ 33. Ericsson designs, manufactures, markets and sells at least some Accused Products. In addition, Ericsson supplied Defendants with at least some of the Accused Products. *Id.*

The '502 Patent is directed, in part, to methods for managing backhaul in cellular telecommunications networks by using backhaul user equipment devices. *See* T-Mobile Complaint at ¶ 40; AT&T Complaint at ¶ 39; Verizon Complaint at ¶ 38. Headwater appears to accuse all Accused Products of infringing the '502 Patent. *See* T-Mobile Complaint at ¶ 43; AT&T Complaint at ¶ 42; Verizon Complaint at ¶ 41. Ericsson designs, manufactures, markets and sells at least some Accused Products. In addition, Ericsson supplied Defendants with at least some of the Accused Products. *Id.*

Neither Plaintiff Headwater nor Defendants oppose Ericsson's request to intervene. Baron Decl. ¶¶ 2-3.

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure 24 permits a party to intervene either under Rule 24(a), when they have a right to do so, or under Rule 24(b), by permission of the court. Fed. R. Civ. P. 24. A movant must be permitted to intervene when the four requirements of Fed. R. Civ. P. 24(a)(2) are met:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3)

>the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). Because the issue of intervention is not unique to patent law, Fifth Circuit law controls. *See Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (denial of intervention reviewed under regional circuit's law). Rule 24 is to be "liberally construed," under Fifth Circuit law. *Texas*, 805 F.3d at 656-57 (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). *See also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)) (internal quotation marks omitted)); *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (noting that intervention as of right "must be measured by a practical rather than technical yardstick.") (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)) (internal quotation marks omitted).

Under Rule 24(b)(1)(B), the Court may permit a party to intervene if the party has a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). "The decision to permit intervention under Rule 24(b)(2) requires a threshold determination that the applicant's claim or defense and the main action have a question of law or fact in common." *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (quoting *Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th Cir. 1981)) (internal quotation marks omitted).

IV.   **ARGUMENT**

   A.   **Ericsson Has a Right to Intervene Pursuant to Rule 24(a)(2)**

Ericsson meets the four requirements to intervene as of right under Rule 24(a). *See Texas*, 805 F.3d at 657. Ericsson acted promptly in bringing this motion, and no existing party will suffer

4

prejudice if Ericsson intervenes. Ericsson has a direct financial interest in the litigation because it has the right to defend its products against these allegations of infringement and its customers that are Defendants have demanded indemnification from Ericsson based on the nature of Headwater's infringement allegations. In addition, as a manufacturer of some products accused in the litigation, Ericsson has a unique interest in defending against infringement claims that, by their mere existence, could jeopardize its ability to provide those products to Defendants and other customers. As a designer of some products accused in the litigation, Ericsson is the party most knowledgeable regarding how those products function, which will be an issue as the cases progress. As a result, Ericsson has a right to intervene and defend its interests in these cases.

### 1. Ericsson's Motion to Intervene is Timely

Ericsson's motion is timely because it seeks to intervene at the beginning of the litigation and no party to the suit will suffer prejudice should Ericsson intervene. Timeliness is determined from all circumstances in a case, including the time elapsed between notice of the intervenor's interest in the case and the filing of the motion to intervene, the extent of prejudice to existing parties as a result of the motion, the extent of prejudice to the moving party if leave to intervene is denied and the existence of unusual circumstances militating either for or against a determination that the motion is timely. *Edwards*, 78 F.3d at 1000 (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)). "A motion to intervene may still be timely even if all the factors do not weigh in favor of a finding of timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).

First, Ericsson brings this Motion while these cases are in their early stages: Defendants recently served their Invalidity Contentions on May 20, 2024, pursuant to the Docket Control Orders (DE 42; Verizon Case, DE 33). *See also TiVo Inc. v. AT&T, Inc.*, C.A. No. 2:09-CV-259, 2010 U.S. Dist. LEXIS 146363, at *18 (E.D. Tex. Mar. 31, 2010) (a motion to intervene was timely where nearly five months elapsed between filing of complaint and motion to intervene); *Edwards*, 78 F.3d at

5

1001 ("[M]ost of [the Fifth Circuit's] case law rejecting petitions for intervention as untimely concern motions filed after judgment was entered in the litigation"). As a result, Ericsson's intervention will not delay the cases.

Second, in part because Ericsson is seeking to intervene so early in the litigation, no party to the lawsuits will suffer prejudice if Ericsson intervenes. *See Sierra Club*, 18 F.3d at 1205 ("The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner."). Neither Plaintiff Headwater nor Defendants oppose Ericsson's request to intervene. Baron Decl. ¶¶ 2-3. Far from imposing any prejudice, Ericsson's presence in the lawsuits will streamline discovery regarding the Accused Products because Ericsson designed and manufactured at least some of those products.

Third, Ericsson will suffer prejudice if not allowed to intervene and defend its Accused Products against Headwater's claims. As discussed in Section IV.A.4 below, Ericsson is most likely to be in the best position to defend its products because Ericsson designed and manufactured at least some of those products. *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, Case No. 04-1337-KAJ, 2005 WL 2465898, at *4 (D. Del. May 18, 2005). Ericsson possesses documentation and information relating to how some of the Accused Products function, which will be an issue in the litigation. T-Mobile Complaint at ¶¶ 35 and 43; AT&T Complaint at ¶¶ 34 and 42; Verizon Complaint at ¶¶ 33 and 41. Absent intervention, Ericsson would not have the opportunity to provide the best defense of its products.

Finally, Ericsson is unaware of any unusual circumstances militating against a determination that the motion is timely. As discussed above, the circumstances of these cases militate in favor of a finding of timeliness. Indeed, Ericsson's intervention will not negatively affect the cases' progress, and no party has opposed Ericsson's intervention. Baron Decl. ¶¶ 2-3.

6

### 2. Ericsson Has a Significant Interest in this Lawsuit

Ericsson has a "direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (quoting *Edwards*, 78 F.3d at 1004) (internal quotation marks omitted). *See also Sierra Club*, 18 F.3d at 1207 ("[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992) (internal quotation marks omitted)). Ericsson's interest stems from its right to defend its products, its position as the designer and manufacturer of some of the Accused Products as well as the risk that the existence of Headwater's allegations could negatively affect Ericsson's future sales of the Accused Products. *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2017 WL 6059303, at *4, *13 (E.D. Tex. Dec. 7, 2017); *Honeywell*, 2005 WL 2465898, at *4.

First, Defendants are Ericsson's customers and each has demanded indemnification based on the nature of Headwater's infringement allegations directed to Ericsson's 4G LTE and 5G base stations, nodes, and related network equipment, as described above. In light of Headwater's infringement allegations, there can be no serious dispute that Ericsson may be injured under the circumstances of this case, if it is not permitted to intervene in this suit to defend allegations of infringement with respect to Ericsson base stations, nodes, and related network equipment. *Team Worldwide Corp.*, 2017 WL 6059303, at *4 ("Where the named defendant 'will seek indemnification against [the intervenor],' the interest requirement is met by the intervenor's 'interest in having its obligations under the [indemnification agreement] established.'") (citing *Kadlec Med. Ctr. V. Lakeview Anesthesia Associates*, CIV.A. 04-997, 2004 WL 2035005, at *2 (E.D. La. Sept. 10, 2004)).

Second, courts have long recognized that manufacturers of accused products have a substantial interest in patent litigation against their customers. *See Honeywell*, 2005 WL 2465898, at *4 ("[Intervenor] has a sufficient interest in the litigation; indeed, as a manufacturer of the product

component which is at the heart of these cases, it has a compelling interest."). *C.f. Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (explaining the "customer suit exception" exists because a manufacturer has a "presumed greater interest in defending its actions against charges of patent infringement"); *Microsoft Corp. v. Commonwealth Scientific & Indus. Research Organisation*, No. 6:06-CV-549, 2007 WL 4376104, at *2 (E.D. Tex. Dec. 13, 2007), *aff'd sub nom Commonwealth Scientific & Indus. Research Organisation v. Toshiba Am. Info. Sys., Inc.*, 297 F. App'x 970 (Fed. Cir. 2008) ("Underlying the customer-suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant in the plaintiff's suit, i.e., the party that controls the product's design, rather than in suits involving secondary parties, i.e. customers. The guiding principles in the customer suit exception cases are efficiency and judicial economy.") (citation omitted). Headwater has brought infringement claims against Defendants' use of some products that Ericsson designed and manufactured. T-Mobile Complaint at ¶¶ 35 and 43; AT&T Complaint at ¶¶ 34 and 42; Verizon Complaint at ¶¶ 33 and 41. As a result, Ericsson has a strong interest in defending those claims.

Lastly, Ericsson has an interest in protecting ongoing sales of its Accused Products. *See, e.g.*, *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, Civ. Action No. 2:17-cv-00235-JRG, 2017 U.S. Dist. LEXIS 201769, at *13 (E.D. Tex. Dec. 7, 2017) (finding an intervening manufacturer had an interest in "the ongoing sale and distribution of their products [which] is put at risk by [the Plaintiff's] allegations of infringement."); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS et al., 2014 U.S. Dist. LEXIS 125280, at *13 (D. Del. Sept. 8, 2014) (finding that an intervening manufacturer had an "interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs accuse these products of infringement."). The existence of the litigation could negatively affect Ericsson's sales of Accused Products not only to Defendants, but also to other customers. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civil No. 6:09-cv-448-JDL,

8

2010 U.S. Dist. LEXIS 150649, at *13 (E.D. Tex. May 10, 2010) ("a manufacturer such as [the Intervenor] faces the loss of its customer base and reputation as a result of patent infringement allegations."). This risk to Ericsson's customer base and reputation is "magnified by its indemnity obligation." *Uniloc 2017 LLC v. AT&T Services, Inc.*, Case No. 2:19-CV-00102-JRG, 2019 WL 1773117, at *3 (E.D. Tex. Sep. 17, 2019).

Accordingly, Ericsson's interest in its ability to sell its Accused Products warrants intervention as of right.

### 3. Disposition of these Actions May Impair Ericsson's Ability to Protect Its Interests

If Ericsson cannot intervene in these actions, disposition of these actions may impair Ericsson's ability to protect and defend its interests. Without intervention, Ericsson cannot safeguard prospective sales of its Accused Products. *See Indus. Tech. Research Inst. V. LG Elecs., Inc.*, Case No. 3:13-cv2016-GPC-WVG, 2014 U.S. Dist. LEXIS 148865, at *11 (S.D. Cal. Oct. 15, 2014) (finding that "[the intervening manufacturer] may be unable to sell [the accused product] to U.S. customers if Plaintiff were to succeed in this litigation," which may "adversely impair [intervenor's] significantly protectable interest"). An adverse judgment could undermine the confidence that other customers have in the Accused Products and more generally in Ericsson products. *Team Worldwide*, 2017 U.S. Dist. LEXIS 201769, at *5 ("[A]dverse rulings could impact each proposed intervenor's relationships with other retail customers."). As a result, the disposition of these actions may impair Ericsson's ability to protect its interests if it cannot intervene.

### 4. Defendants Cannot Adequately Represent Ericsson's Interests

Defendants cannot adequately represent Ericsson's interests because Defendants are likely not as "well- situated to understand and defend [Ericsson's] products" as is Ericsson. *Intellectual Ventures*, 2014 U.S. Dist. LEXIS 125280, at *13-14. In the Fifth Circuit, in order to satisfy the

9

"inadequate representation" requirement of Rule 24(a)(2), Ericsson must merely demonstrate that its interests "may be" inadequately represented by the existing parties. *Texas*, 805 F.3d at 661. Although Ericsson bears the burden to establish inadequate representation, that burden is minimal. *Id*.

Ericsson and its employees – not Defendants – possess the most substantial knowledge regarding certain aspects of the Ericsson Accused Products' design and function. *Honeywell*, 2005 WL 2465898 at *4 (Intervenor "is uniquely situated to understand and defend its own product."). Ericsson also possesses documents related to the design and function of the Ericsson Accused Products. T-Mobile Complaint at ¶¶ 35 and 43; AT&T Complaint at ¶¶ 34 and 42; Verizon Complaint at ¶¶ 33 and 41. As a result, Ericsson is better suited to defend its Accused Products than are Defendants.

Because Ericsson satisfies the Fifth Circuit's four-part test for interventions of right under Rule 24(a), the Court should grant Ericsson's Motion as a matter of right. *See Edwards*, 78 F.3d at 1000.

### B. In the Alternative, Ericsson Should Be Permitted to Intervene

As discussed above, because Ericsson has met all four requirements of Fed. R. Civ. P. 24(a), Ericsson may intervene as a matter of right. In the alternative, however, Ericsson respectfully requests the Court's permission to intervene under Federal Rule 24(b). Rule 24(b) permits intervention by a party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention presents a lower bar than intervention as a matter of right, and does not require that the intervenor even "have a direct personal or pecuniary interest in the subject of the litigation." *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006) (quoting *Sec. and Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).

Permissive intervention would be appropriate in these cases because Headwater's infringement allegations are in part directed to Accused Products supplied by Ericsson. T-Mobile Complaint at ¶¶ 35 and 43; AT&T Complaint at ¶¶ 34 and 42; Verizon Complaint at ¶¶ 33 and 41. As a result, the

Court could potentially determine common issues of claim construction, non-infringement, invalidity and other matters that bear directly on Ericsson's interests as well as Defendants'. *See, e.g., U.S. Ethernet*, 2010 U.S. Dist. LEXIS 150649, at *12 (granting permissive intervention where intervenor shared common questions of law and fact and similar defenses as named defendant); *Reid v. General Motors Corp.*, 240 F.R.D. 257, 260 (E.D. Tex. 2006) (granting intervention where intervenor's claims of non-infringement, invalidity and unenforceability shared common questions of law and fact as those of its customers who were the named defendants). As noted above in Section IV.A.1, at this early stage in the litigation, there will be no prejudice to either Headwater or Defendants if Ericsson is permitted to intervene. Finally, Ericsson's intervention will not result in any delay in the cases.

## V.   CONCLUSION

For the foregoing reasons, Ericsson respectfully requests that the Court permit Ericsson to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B).

Dated: July 17, 2024                                                              Respectfully Submitted,

/s/  Deron R. Dacus

Jacob K. Baron, Esq.
MA Bar No.: 652568
Email: jacob.baron@hklaw.com
Joshua C. Krumholz, Esq.
(LEAD COUNSEL)
(*Pro hac vice*)
MA Bar No.: 552573
Email: joshua.krumholz@hklaw.com
Jacob W. S. Schneider, Esq.
(*Pro hac vice*)
MA Bar No.: 675315
Email: jacob.schneider@hklaw.com
Allison M. Lucier, Esq.
(*Pro hac vice*)
MA Bar No.: 569193

11

Email: allison.lucier@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue; 11th Floor
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850

Deron R. Dacus
Texas Bar No. 00790553
E-mail: ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)

*Attorneys for Ericsson Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies: (1) that counsel has complied with the meet-and-confer requirement in LOCAL RULE CV-7(h); and (2) that neither Plaintiff Headwater nor Defendants oppose this Motion. Jacob K. Baron, counsel for Ericsson, met- and-conferred telephonically with Kris Davis and Jason Weitholter, counsel for Headwater on June 11, 2024, then continued the conference over electronic mail.

/s/     *Jacob K. Baron*
Jacob K. Baron, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of July, 2024, I caused the foregoing Motion to Intervene to be filed electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are deemed to have consented to electronic service.

/s/     *Deron R. Dacus*
Deron R. Dacus, Esq.